{¶ 43} I concur with the majority as to the disposition of this case. I write separately only to clarify my analysis of the issue.
 {¶ 44} I find that the complaint complied with the requirements of Ohio Juvenile Rule 10 and R.C. 2152.021 and is not defective.
 {¶ 45} Juvenile Rule 10(B)(1) indicates that a complaint shall state in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court. Therefore, to be within the jurisdiction of the juvenile court, the complaint must state that the person involved is a child. As set forth in R.C. 2152.02(C), a child generally means someone who is under eighteen years of age at the time of an offense. The complaint in the case sub judice sets forth appellant's birth date and the date of the offense. I find that those allegations "state in ordinary and concise language" an essential fact which brings the proceeding within the jurisdiction of the juvenile court.
 {¶ 46} Juvenile Rule 10(B)(1) also requires that a complaint in a juvenile traffic offense proceeding must contain the numerical designation of the statute alleged to have been violated. The complaint in the case sub judice contained the statue alleged to have been violated because it set forth the section of the traffic code alleged to have been violated, which was R.C. 4511.44.
 {¶ 47} R.C. 2152.021 sets forth the types of cases which can be filed in juvenile court. In other words, it sets forth the types of cases over which the juvenile court has jurisdiction. This is not the type of code section required by Juvenile Rule 10(B)(1) to be included in the complaint because it is not the code section which the appellant was alleged to have violated. *Page 11 
 {¶ 48} I, therefore, concur with the disposition of this case by the majority. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion. *Page 1